UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

      Plaintiffs,

v.

Case No. 03-72486

Honorable Patrick J. Duggan

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC. d/b/a MERCY
HOSPITAL - PORT HURON, MARY
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR (i) CONFIRMATION OF ARBITRATION AWARD AND (ii) ADJUSTMENT OF AWARD OF ATTORNEYS' FEES AND COSTS AND INTEREST**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 14, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs Peter Grain, M.D. ("Dr. Grain") and Annette Barnes, M.D. ("Dr. Barnes") filed a sixteen-count complaint against Defendants on June 26, 2003. Defendants thereafter filed a motion to compel arbitration with respect to some, but not all, of Plaintiff's claims. On August 11, 2004, this Court granted Defendants' motion and

stayed Plaintiffs' remaining claims pending arbitration. On December 12, 2007, an arbitration panel entered an award in favor of Dr. Grain on his breach of contract claim against Defendants Mercy Hospital Port-Huron ("Mercy Hospital"), Trinity Health ("Trinity"), and Mary Trimmer ("Ms. Trimmer"). In the arbitration award, the panel awarded Dr. Grain damages on his breach of contract claim in the sum of $518,625, attorneys' fees of $1,145,294.35, and costs of $490,476.20, less Defendants' attorneys' fees and costs of $512,525.11, for a net award of $1,635,770.55 plus interest from October 28, 2004. The arbitration panel entered judgment in favor of Defendants and against Dr. Grain and Dr. Barnes on the remaining claims arbitrated.

Presently before the Court is Plaintiffs' motion for (i) confirmation of the arbitration award and (ii) adjustment of award of attorneys' fees and costs and interest, filed December 22, 2007. Defendants filed a response on January 22, 2008, in which they support confirmation of the arbitration award but oppose Plaintiffs' motion to modify. On February 12, 2007, this Court issued a notice to inform the parties that it is dispensing with oral argument with respect to Plaintiffs' motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

In their motion, Plaintiffs contend that the arbitration panel exceeded its authority and erred as a matter of law in calculating Dr. Grain's award of attorneys' fees, costs and interest. Specifically, Plaintiffs claim that the arbitration panel improperly (i) awarded Dr. Grain "reasonable" attorneys' fees rather than the "actual" fees he incurred; (ii)

2

concluded that Dr. Grain only prevailed with respect to 75% of his case and therefore was entitled to only 75% of his fees and costs and was obligated to pay 25% of Defendants' fees and costs; (iii) excluded fees and costs incurred prior to August 11, 2004 ; and (iv) awarded interest from only October 10, 2004 (the date Defendants' filed the arbitration claim) rather than the date of the breach or when Plaintiffs' complaint was filed and only on the damage award. In response, Defendants argue that Plaintiffs fail to meet the requirements of the Federal Arbitration Act for modifying an arbitration award, 9 U.S.C. § 11. Alternatively, Defendants argue that the arbitration panel's award of attorneys' fees, costs and interest was correct.

The Sixth Circuit Court of Appeals has made clear that a request to vacate an arbitration award "in part" "is synonymous with modifying an award." *NCR Corp. v. Sac-Co., Inc.*, 43 F.3d 1076, 1080 (6th Cir. 1995). The court also made clear that a request to modify an arbitration award is governed by 9 U.S.C. § 11, as opposed to 9 U.S.C. § 10 which only governs a court's power to *vacate* an award. As the Sixth Circuit stated: "A court's power to *modify* an arbitration award is confined to the grounds specified in [Section] 11." *Id*.

Section 11 provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration–
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of

3

> any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11. Plaintiffs fail to demonstrate that any of the reasons set forth in Section 11 are present in the current matter to grant the Court the power to make the requested modifications.[1]

Plaintiffs do not identify a miscalculation of figures or mistake in the description of any person, thing, or property referred to in the award. Further, there can be no dispute that the issue of attorneys' fees, costs, and interest was submitted to the arbitration panel. The amount of Dr. Grain' award is a matter affecting the merits of the arbitration panel's decision. *See NCR Corp.*, 43 F.3d at 1081 (indicating that an increase in the amount of the arbitration award is "clearly a modification that would affect 'the merits of the controversy.'") Finally, it is evident from the arbitration award that a modification is not necessary to effect the attorneys' fees, costs, and interest the arbitration panel intended to award Dr. Grain.

---

[1]Notably, Plaintiffs have not responded to Defendants' argument that Section 11 governs and that Plaintiffs fail to set forth a reason under that section for the Court to modify the award.

While Plaintiffs argue that a modification is warranted as a result of the arbitration panel's alleged errors of law, as the cases cited in Plaintiffs' motion indicate, the Michigan courts and the Sixth Circuit have identified the arbitration panel's "manifest disregard of the law" only as a basis for *vacating* an arbitration award. (Pls.' Mot. at 4-5, citing *Guardian Alarm Co. of Mich v. Richard T. May*, No. 269901, 2007 WL 4245411, at *3 (Mich. Ct. App. Dec. 4, 2007) (unpublished op.); *DAIIE v. Gavin*, 416 Mich. 407, 434, 331 N.W.2d 418 (1982); *Electronic Data Systems, Inc. v. Donelson*, 473 F.3d 684, 688 (6th Cir. 2007)). As the Michigan Supreme Court stated in *DAIIE*: "Where it clearly appears on the face of the award or for the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision *will be set aside*." 416 Mich. at 434, 331 N.W.2d at 443 (emphasis added); *see also Electronic Data Sys., Inc.*, 473 F.3d at 688 ("In addition [to the reasons set forth in 9 U.S.C. § 10], a reviewing court may *vacate* an award where the arbitrators have manifestly disregarded the law.") The Court is unaware of any case and Plaintiffs fail to identify a case where the arbitration panel's manifest disregard of the law affords a court the power to modify an arbitration award.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for confirmation of arbitration award is

**GRANTED**, but Plaintiffs' motion for adjustment of award of attorneys' fees and costs and interest is **DENIED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Richard J. Seryak, Esq.
Russell F. Ethridge, Esq.