UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,
    Plaintiffs,

v.

                                                  Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC. d/b/a MERCY                   Honorable Patrick J. Duggan
HOSPITAL - PORT HURON, MARY
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,
    Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER
DATED FEBRUARY 14, 2008</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 11, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs Peter Grain, M.D. ("Dr. Grain") and Annette Barnes, M.D. ("Dr. Barnes") (collectively "Plaintiffs") filed a sixteen-count complaint against Defendants on June 26, 2003. Defendants thereafter filed a motion to compel arbitration with respect to some, but not all, of Plaintiff's claim. On August 11, 2004, this Court granted Defendants' motion and stayed Plaintiffs' remaining claims pending arbitration. On December 12, 2007, an arbitration panel entered an arbitration award in which it *inter alia* granted Dr. Grain damages on his breach of contract claim, attorneys' fees, costs, and

interest.[1]  Plaintiffs thereafter filed a motion for (i) confirmation of the arbitration award and (ii) adjustment of the panel's award of attorneys' fees, costs, and interest.  On February 14, 2008, this Court issued an opinion and order granting Plaintiffs' request to confirm the arbitration award and denying Plaintiffs' request to modify the attorneys' fees, costs, and interest awarded.

Presently before the Court is Plaintiffs' motion for reconsideration of the Court's opinion and order, filed February 29, 2008.  The Court issued a notice on March 4, 2008, informing the parties that it would permit Defendants to submit a response to Plaintiffs' motion, if they wished to respond.  Defendants filed a response on March 14, 2008.  Now, having considered the parties' pleadings, the Court denies Plaintiffs' motion.

**Standard for Reconsideration**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(g).  A motion that merely presents the same issues already ruled upon by the court shall not be granted. *Id*.  Similarly, a motion to alter or amend the judgment pursuant to Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an

---

[1] The Arbitration Panel entered judgment in favor of Defendants and against Dr. Grain and Dr. Barnes on the remaining claims arbitrated.

2

intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir.1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n. 3 (1st Cir.1993); *School District No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990). A motion brought pursuant to Rule 59(e) or Local Rule 7.1(g) must be filed no later than 10 days after entry of the judgment or order. FED. R. CIV. P. 59(e); E.D. Mich. LR 7.1(g)(1).

**Analysis**

In their previous motion for adjustment of the arbitration panel's award of attorneys' fees, costs, and interest, Plaintiffs contended that the panel exceeded its authority and erred as a matter of law in calculating those aspects of the award. In the opinion and order dated February 14, 2008, this Court held that its power to modify the arbitration award was confined to the grounds specified in 9 U.S.C. § 11 and that those grounds did not include the errors Plaintiffs asserted. (2/14/08 Op. and Order at 3, 5.) The Court further held that Plaintiffs failed to demonstrate that any of the reasons set forth in § 11 applied in the present matter to grant the Court the power to make the requested modifications. (*Id*. at 4.)

9 U.S.C. § 11 provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration–

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11. In concluding that none of the reasons set forth in § 11 were present in the current matter to grant the Court power to modify the arbitration award as Plaintiffs requested, this Court reasoned:

> Plaintiffs do not identify a miscalculation of figures or mistake in the description of any person, thing, or property referred to in the award. Further, there can be no dispute that the issue of attorneys' fees, costs, and interest was submitted to the arbitration panel. The amount of Dr. Grain's award is a matter affecting the merits of the arbitration panel's decision. . . . Finally, it is evident from the arbitration award that a modification is not necessary to effect the attorneys' fees, costs, and interest the arbitration panel intended to award Dr. Grain.

(2/14/08 Op. and Order at 4.) Plaintiffs now contend that the Court committed two errors in reaching this conclusion.

First, Plaintiffs contend that this Court erred in finding that the arbitration panel's manifest disregard of the law is not a ground for modification of an arbitration award. In support of this contention, Plaintiffs cite a number of federal circuit and district court

4

cases. (Pls.' Br. in Supp. of Mot. at 5.) Second, Plaintiffs argue that the Court erred in concluding that 9 U.S.C. § 11(c) does not provide a basis for modifying the award. Plaintiffs argue that the Court incorrectly concluded that this subsection is inapplicable because a decision relating to the award of attorneys' fees and costs "affect[s] the merits of the controversy."

With respect to Plaintiffs' first argument, the Sixth Circuit Court of Appeals has made clear that "[a] court's power to *modify* an arbitration award *is confined to* the grounds specified in § 11." *NCR Corp. v. Sac-Co., Inc.*, 43 F.3d 1076, 1080 (6th Cir. 1995) (second emphasis added). To the extent the cases Plaintiffs cite hold otherwise, none of those cases are Sixth Circuit decisions. This Court is bound to follow Sixth Circuit precedent.[2]

With respect to Plaintiffs' second argument, the Court continues to believe that an increase in the amount of the arbitration panel's award is a modification "affecting the merits of the controversy." Even if the Court erred in this respect, however, § 11(c) does

---

[2] In any event, the Court cannot conclude that the arbitrators manifestly disregarded the law when they limited Dr. Grain's award for attorneys' fees, costs, and interest. The "manifest disregard of the law" standard provides "a very narrow standard of review." *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007) (citation omitted). "'An arbitration 'must fly in the face of established legal precedent' . . . to find manifest disregard of the law." *Id*. (quoting *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995)). "If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." *Jaros*, 70 F.3d at 421. The applicable legal principle that the arbitrator allegedly disregarded must be "clearly defined and not subject to reasonable debate" and the arbitrators must have "refused to heed that legal principle." *Id*.

5

not provide a basis for modifying the award.

Section 11(c) applies "[w]here the award is imperfect in matter of *form*." 9 U.S.C. § 11(c) (emphasis added). While the Court was able to locate only a few cases where courts relied on this reason to modify an arbitration award, those cases and the plain language of § 11 indicate that the phrase "imperfect in matter of form" does not refer to allegedly inaccurate legal conclusions by the arbitrator. *See Atlantic Aviation, Inc. v. EBM Group, Inc.*, 11 F.3d 1276, 1282-84 (5th Cir. 1994) (allowing modification to include money owed to the plaintiff, which arbitrator clearly intended to award but which was omitted from written arbitration award); *Nationwide Mut. Ins. Co. v. First State Ins. Co.*, 213 F. Supp. 2d 10, 14-15 (D. Mass 2002) (modifying arbitration award where the amount of the award in the arbitrator's written award is inconsistent with what the panel said at the conclusion of the arbitration hearing); *Fischer v. CGA Computer Assoc.*, 612 F. Supp. 2d 1038, 1041-42 (S.D.N.Y. 1985) (concluding that the court was authorized to modify the arbitration award by substituting "DECLARES" for "FINDS," as the statements that followed clearly were the arbitrators' declarations of the parties' rights and duties and were in the nature of an award); *see also Mantaline Corp. v. PPG Indus., Inc.,* No. 2:02CV269, 2006 WL 297263, at *5 (W.D. Pa. 2006) (unpublished opinion) (finding that the arbitration panel's award of attorneys' fees and costs for which there was no support in the record was not "imperfect in matter of form" where "[t]he issue of attorney's fees was presented to the arbitrator, and he made a clear determination of the parties' rights to attorney's fees . . ."). As the Second Circuit Court of Appeals has

provided: "Section 11(c) . . . does not license the district court to substitute its judgment for that of the arbitrators." *Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1110 (1980). Because this in fact is exactly what Plaintiffs are asking the Court to do here, the Court concludes that § 11(c) does not provided a basis for modifying the arbitration award. This conclusion is further supported by the Court's belief that modification of the award is not necessary to effect the attorneys' fees, costs, and interest the arbitration panel intended to award Dr. Grain. 9 U.S.C. § 11 ("The order may modify and correct the award, so as to effect the intent thereof . . .").

For the above reasons, the Court concludes that it did not err in denying Plaintiffs' motion to modify the arbitration award.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration of the Court's order dated February 14, 2008 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Richard J. Seryak, Esq.
Jennifer L. Sabourin, Esq.
Russell F. Ethridge, Esq.