UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

    Plaintiffs,

v.                                                Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH          Honorable Patrick J. Duggan
SERVICES, INC. d/b/a MERCY
HOSPITAL - PORT HURON, MARY
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS DEFENDANT MAHMOUD CHAFTE, M.D., DECEASED

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 12, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is a motion to dismiss Dr. Mahmoud Chafte as a defendant from this action due to his death on May 5, 2004. The motion was filed by Dr. Chafte's counsel pursuant to Rules 41(b) and 25(a)(1) of the Federal Rules of Civil Procedure on April 15, 2008. On April 28, 2008, Plaintiffs filed a response to the motion in which they indicate that they do not oppose the dismissal of Dr. Chafte "*provided* that there is a clear and concise statement by Defendants that at all relevant times for the

purpose of this litigation that Dr. Chafty [sic] was acting in the course and scope of his employment as an employee of Defendant Mercy Hospital so as to be covered by Defendant Mercy Hospital's indemnification policy." (Pls.' Resp. at 2.) For the reasons that follow, the Court grants the motion.

Rule 25(a)(1) sets forth the procedures to follow upon the death of a party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). On January 4, 2008, Dr. Chafte's counsel filed a "Suggestion of Death Upon the Record" pursuant to Rule 25(a)(1), in which he provides that Dr. Chafte died on May 5, 2004. Ninety days have elapsed since this statement was filed and no motion for substitution has been filed. Therefore, pursuant to Rule 25(a)(2), Plaintiffs' action against Dr. Chafte "must be dismissed."[1]

Accordingly,

**IT IS ORDERED**, that the motion to dismiss Defendant Mahmoud Chafte, M.D., is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

---

[1]The Court therefore finds it unnecessary to decide whether dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b).

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
Richard J. Seryak, Esq.
Russell F. Ethridge, Esq.