UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

    Plaintiffs,

v.                                                         Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH        Honorable Patrick J. Duggan
SERVICES, INC. d/b/a MERCY
HOSPITAL - PORT HURON, MARY
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION REQUESTING A TEMPORARY STAY OF THE PROCEEDINGS PENDING APPEAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 12, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is a motion for a temporary stay of the proceedings pending appeal, filed by Plaintiffs Peter Grain, M.D. ("Dr. Grain") and Annette Barnes, M.D. ("Dr. Barnes") (collectively "Plaintiffs") on April 14, 2008. On April 25, 2008, Defendants filed a response to the motion, in which they object to a stay. For the reasons that follow, the Court denies Plaintiffs' motion.

1

## Procedural Background

Plaintiffs filed a sixteen-count complaint against Defendants on June 26, 2003. Defendants thereafter filed a motion to compel arbitration with respect to some, but not all, of Plaintiff's claim. On August 11, 2004, this Court granted Defendants' motion and stayed Plaintiffs' remaining claims pending arbitration.[1]

On December 12, 2007, an arbitration panel entered an arbitration award in which it found in favor of Dr. Grain on some of his claims and against Dr. Grain and Dr. Barnes on other claims. In the arbitration award, the panel also awarded attorneys' fees, costs, and interest to Dr. Grain. Plaintiffs thereafter filed a motion for (i) confirmation of the arbitration award and (ii) adjustment of the panel's award of attorneys' fees, costs, and interest.

On February 14, 2008, this Court issued an opinion and order granting Plaintiffs' request to confirm the arbitration award and denying Plaintiffs' request to modify the attorneys' fees, costs, and interest awarded. On February 29, 2008, Plaintiffs filed a motion for reconsideration.

---

[1] The claims not submitted for arbitration and which are now pending before this Court are as follows: Dr. Grain's claims of (1) race discrimination pursuant to 42 U.S.C. § 1981 (Count I); (2) wrongful transfer of patients in violation of 42 U.S.C. § 1395dd(i) (Count II); (3) intentional interference with business relations (Count VI); (4) intentional interference with contractual relations (Count VII); (5) libel and slander (Count VIII); civil conspiracy (Count IX); and Dr. Barnes' claims for interference with business relations (Count XII) and loss of consortium (Count XIII). Plaintiffs sought leave to file an amended complaint adding a retaliation claim, which this Court granted; however, Plaintiffs have never filed an amended complaint adding this claim.

Thereafter, on March 13, 2008, Plaintiffs filed a Notice of Appeal in which they appealed the Court's February 14 opinion and order denying their request to modify the arbitration panel's award of attorneys' fees, costs, and interest. The Sixth Circuit Case Manager assigned to Plaintiffs' appeal sent a letter to counsel, dated March 31, 2008, indicating that Plaintiffs' appeal would be held in abeyance pending this Court's ruling on Plaintiffs' motion for reconsideration. (Pls.' Mot., Ex. 1.) The letter indicated that, once the district court filed an order disposing of Plaintiffs' motion for reconsideration, the appeal would proceed. (*Id.*) On April 11, 2008, this Court filed an opinion and order denying Plaintiffs' motion for reconsideration.

Plaintiffs then filed the pending motion for a temporary stay, seeking to stay the proceedings with respect to their claims that were not subject to arbitration.

**Applicable Law and Analysis**

"'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants.'" *Ohio Envtl. Council v. United States Dist. Ct. S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163, 166 (1936)). It ordinarily is within the sound discretion of the district court whether to enter a stay. *Id.* The party seeking the stay bears the burden of showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (citing *Landis*, 299 U.S. at 255, 57 S. Ct. at 166).

In their pending motion, Plaintiffs fail to explain why a stay is necessary and this Court cannot conceive of a reason. Plaintiffs' appeal involves this Court's denial of their request to modify the Arbitration Panel's award of attorneys' fees and costs. The issues involved in the appeal are wholly unrelated to the litigation of Plaintiffs' claims that were not subject to arbitration and remain pending before this Court.

Moreover, Plaintiffs fail to explain why "in light of the procedural history of this case, Defendants will not be harmed if a temporary stay of the proceedings is granted so as to allow the Sixth Circuit the opportunity to rule upon Plaintiffs' petition to appeal." (Pls.' Br. in Supp. of Mot. at 5.) To the contrary, Defendants argue that they will be harmed by a further delay in this action, which already has been pending since mid-2003. Defendants explain that a delay threatens the loss of evidence and witnesses, noting that one defendant has passed away during the pendency of this action and that another defendant and two key witnesses have left their employment with Defendant Mercy Health Services.

Plaintiffs therefore have not convinced the Court that it should exercise its discretion and stay the proceedings pending their appeal.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for a temporary stay of the proceedings pending appeal is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
Richard J. Seryak, Esq.
Russell F. Ethridge, Esq.