UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,
      Plaintiffs,

v.

                            Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC., d/b/a MERCY             Honorable Patrick J. Duggan
HOSPITAL-PORT HURON, MARY R.
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., AND
MAHMOUD CHAFTE, M.D.,
      Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION OF OPINION AND ORDER DENYING PLAINTIFFS'
MOTIONS FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS'
CROSS-MOTIONS FOR SUMMARY JUDGMENT, DATED AUGUST 13, 2008</u>**

                    At a session of said Court, held in the U.S.
                      District Courthouse, Eastern District
                      of Michigan, on October 22, 2008 .

      PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

      On June 26, 2003, Plaintiffs Peter Grain, M.D. ("Dr. Grain") and Annette Barnes, M.D. ("Dr. Barnes") (collectively "Plaintiffs") filed a sixteen count Complaint against Defendants asserting various theories of liability. On August 11, 2004, the Court issued an opinion and order dismissing certain claims either because they were time-barred or subject to arbitration and staying the remaining claims pending arbitration. Following a decision by an arbitration panel, the parties returned to this Court and subsequently filed

cross-motions for summary judgment with respect to Dr. Grain's claims alleging tortious interference with business and contractual relations, respectively Counts VI and VII of Plaintiffs' Complaint.

On August 13, 2008, this Court issued an opinion and order denying Plaintiffs' motions for summary judgment and granting Defendants' cross-motions for summary judgment. On August 22, 2008, Plaintiffs filed a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g) and Federal Rule of Civil Procedure 59(e). The Court sent a letter to Defendants' counsel on August 27, 2008, which was filed on the same date, informing the parties that it would permit Defendants to submit a response to Plaintiffs' motion, if they wished to respond. Defendants filed a response on September 10, 2008. Plaintiffs thereafter filed a reply on September 17, 2008. Now, having considered the parties' pleadings, the Court denies the motion.

**Standard for Reconsideration**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the court shall not be granted. *Id*. Similarly, a motion to alter or amend the judgment pursuant to Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an

intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir.1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n. 3 (1st Cir.1993); *School District No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990).

## Discussion

Plaintiffs raise numerous arguments in support of their motion for reconsideration which the Court will address in the order that they are presented.

First, Plaintiffs argue that the Court's August 13 decision is legally invalid because the Court never entered an order dissolving or lifting the August 11, 2004 stay in this case. Plaintiffs' argument is surprising in light of the fact that, following the arbitration panel's award, they have proceeded in this matter as if the stay had been lifted. In any event, on October 14, 2008, the Court issued an order lifting the stay nunc pro tunc to December 22, 2007– the date Plaintiffs filed their motion in this Court seeking the confirmation and correction of the arbitration panel's award.

Second, Plaintiffs contend that summary judgment was premature pursuant to Federal Rule of Civil Procedure 56(f) because they seek additional discovery in pending motions that they claim would establish a genuine issue of material fact with respect to the claims dismissed in the Court's August 13 decision. Plaintiffs attach an affidavit from their counsel to their motion for reconsideration in support of this argument. (Pls.' Mot., Ex. 2.) Plaintiffs' contention fails to establish a palpable defect in the Court's decision

because their claim that additional discovery is needed to respond to Defendants' motions and their attorney's affidavit come too late.

Pursuant to Rule 56(f), a court may deny a motion for summary judgment "[i]f [the] party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(f). The Sixth Circuit has indicated that the filing of a discovery motion may be sufficient in lieu of a Rule 56(f) affidavit. *See, e.g.*, *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996). Nevertheless, the party opposing a summary judgment motion still must alert the trial court *in direct response to the motion* that it needs the discovery sought in its discovery motion to "present facts essential to justify its opposition." *See* FED. R. CIV. P. 56(f). In other words, the opposing party may not assume that the court will know that it needs the discovery sought to respond to the summary judgment motion. Furthermore, the party cannot remain silent about its need for further discovery to present facts essential to justify its opposition and only raise the issue in a motion for reconsideration or Rule 59(e) motion if the motion for summary judgment is granted. *Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 732-33 (10th Cir. 2006) (instructing that "a nonparty wishing to invoke the protections of Rule 56(f) must attempt to do so by submitting an affidavit *in direct response to* a motion for summary judgment, not following the district court's disposition of that motion") (emphasis added); *Fanning v. Metro. Transit Auth.*, 141 Fed. App'x 311, 315 (5th Cir. 2005) ("A Rule 56(f) motion, not one for reconsideration, is the proper remedy for a party claiming summary judgment is

inappropriate because of inadequate discovery.") In fact in *Vance*, the Sixth Circuit specifically cautioned that "in most instances, a post-judgment motion asserting a need for discovery will be too little to late."[1]  90 F.3d at 1149.

Nowhere in their pleadings in response to Defendants' motions for summary judgment or in support of their motions for summary judgment did Plaintiffs indicate that they needed additional discovery to demonstrate a genuine issue of material fact or otherwise respond to Defendants' motions.  Thus the Court finds no merit to Plaintiffs' argument that a palpable defect was committed because the Court decided the motions before discovery was completed.

In their third argument, Plaintiffs maintain that the Court failed to apply the standard for evaluating summary judgment motions recently articulated by the Sixth Circuit in *White v. Baxter Healthcare Corp.*, 07-1626, 2008 WL 2607893 (6th Cir. 2008). According to Plaintiffs, the Court failed to view all of the pleadings on file, particularly Dr. Grain's affidavit and evidence relevant to the race discrimination claims set forth in their Complaint.

To the extent Plaintiffs are contending that the alleged racial discrimination by Defendants establishes the illegality of the conduct set forth in support of their tortious interference claims, Plaintiffs failed to make such an argument in their pleadings in

---

[1] The *Vance* Court made it clear that it was making an exception to this general rule based on the particular facts of the case before it– i.e., where, in lieu of an answer, the defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment, no discovery had been conducted, and the district court granted the defendant's summary judgment motion.  90 F.3d at 1149.

support of and in opposition to the summary judgment motions. Arguments raised for the first time in a motion for reconsideration will not be considered. *See Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984). With regard to Dr. Grain's affidavit, none of the statements in the affidavit which Plaintiffs identify in their motion for reconsideration demonstrate a palpable defect in the Court's August 13 decision. Dr. Grain's statements do not demonstrate a genuine issue of material fact as to whether Defendants' conduct constituted "'the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law . . .'" *CMI Int'l Inc., v. Intermet Int'l Corp.*, 251 Mich. App. 125, 131, 649 N.W.2d 808, 812 (2002) (quoting *Feldman v. Green*, 138 Mich. App. 360, 378, 360 N.W.2d 881 (1984)).

In their fourth argument, Plaintiffs contend that the Court "did not properly analyze whether Defendants intentionally or *improperly* interfered with Dr. Grain's business relations . . . or his contractual relations." (Pls.' Br. in Support of Mot. at 6 (emphasis in original).) In this section of their brief, Plaintiffs do not explain clearly how they believe the Court erred, although they do so in subsequent arguments. The Court therefore will move on to those arguments.

In their fifth argument in support of their motion for reconsideration, Plaintiffs maintain that the Court erred in finding that they failed to establish a genuine issue of material fact with regard to whether Defendants' conduct was "wrongful per se" or "improper." Plaintiffs argue:

> Defendants' wrongful per se or improper conduct was
> established by virtue of the fact that Defendants violated 42

> U.S.C. § 1395dd(i) [Count II] by illegally transferring patients, by the improper closure of the Intracranial Surgery Program, and by their violations of Michigan's Peer Review Statutes . . ., all of which are part of a pattern and practice of race discrimination in violation of 42 U.S.C. § 1981 . . . and the Elliot-Larsen Michigan Civil Rights Act . . . .

(Pls.' Br. in Support of Mot. at 7.)

As stated previously, Plaintiffs never indicated in their summary judgment pleadings that they were relying on Defendants' alleged violation of state and federal race discrimination statutes to show that the conduct supporting their tortious interference claims was "wrongful per se" or "improper."[2] While Plaintiffs did assert in their previous pleadings that Defendants' transfer of patients was illegal as it violated 42 U.S.C. § 1395dd(i), Plaintiffs never have indicated how the transfers violated the statute nor have they offered any evidence to support this blanket assertion.

As to Plaintiffs' claim that Defendants' conduct was illegal because it violated Michigan Peer Review Statutes, Plaintiffs previously made that argument only with regard to Dr. Jere Baldwin's poor recommendation of Dr. Grain to a hospital in Ohio. However, the Court concluded in its August 13 decision that Dr. Baldwin's conduct could not support Plaintiffs' tortious interference claims because Dr. Baldwin is no longer a defendant in this case, Plaintiffs failed to allege that any of the remaining Defendants participated in the poor recommendation, and there was no evidence indicating that Dr.

---

[2]Even if the Court considered such an argument on reconsideration, Plaintiffs fail to present evidence to show that the conduct that they allege constituted tortious interference violated those statutes.

7

Baldwin acted as an agent of the remaining Defendants when he gave the poor recommendation. In their motion for reconsideration, Plaintiffs fail to demonstrate that the Court erred in reaching these conclusions.

In their sixth argument, Plaintiffs attempt to show how the Court palpably erred in evaluating the four instances of misconduct by Defendants that Plaintiffs offered to support their tortious interference with business relations claim: (a) conduct that interfered with Dr. Grain's referral network; (b) the "illegal" transfer of patients; (c) Dr. Baldwin's alleged use of information from Dr. Grain's Peer Review File to prevent Dr. Grain from relocating to a Springfield, Ohio hospital; and (d) the closure of the Intracranial Surgery Program. The Court has addressed the second and third instances of alleged misconduct above and therefore will turn to Plaintiffs' remaining claims.

With respect to Defendants' purported interference with Dr. Grain's referral network, Plaintiffs claim that the Court erred in finding that Defendants' interference occurred only between 1998 and 1999, and was therefore barred by the applicable statute of limitations. In their motion for reconsideration, however, Plaintiffs do not identify any misconduct by Defendants within the limitations period that they claim interfered with Dr. Grain's referral network, other than the instances of alleged misconduct set forth above. For the reasons discussed already, and for those discussed below, Plaintiffs fail to establish the necessary elements of their claims based on that conduct.

With regard to Defendants' decision to close the Intracranial Surgery Program, even if a genuine issue exists as to whether the closure of the program impacted Dr.

Grain's referral network, the Court granted summary judgment to Defendants because it found that Plaintiffs failed to create a genuine issue as to whether this conduct was "wrongful per se" or "improper." Therefore, the statements in Dr. Grain's affidavit attesting to the impact on his practice by the decision to close the Intracranial Surgery Program do not demonstrate a palpable defect in the Court's decision. While Plaintiffs also contend that the Court overlooked evidence demonstrating a genuine issue of material fact as to whether this conduct was "wrongful per se" or "improper" (i.e. Dr. Grain's affidavit, the deposition testimony of Drs. Coury and Valjee, and the minutes of a December 2, 2002 meeting), the evidence Plaintiffs identify in fact does not demonstrate a palpable error in the Court's decision. Plaintiffs' evidence only addresses the impact on Dr. Grain's practice from the closure of the Intracranial Surgery Program and Dr. Grain's complaint that he was not appointed to the task force responsible for deciding whether to close the program. The evidence does not refute Defendants' proof that the program was closed due to the low volume of intracranial surgeries performed at the hospital and the concern that this would result in poor results in the surgeries performed.

In their seventh argument, Plaintiffs take issue with the Court's decision as it relates to their tortious interference with contractual relations claim. Specifically, Plaintiffs argue that the Court committed a palpable defect by concluding that their claim was limited to Dr. Grain's Income Guarantee Agreement ("IGA"). Plaintiffs maintain that Defendant Mary Trimmer ("Trimmer") also tortiously interfered with Dr. Grain's contractual relationship with Mercy Hospital and third-party payors "when she

9

orchestrated the closing of the Intracranial Surgery Program" and that there is a genuine issue of fact as to whether Trimmer was an agent of Defendant Trinity Health when she engaged in this misconduct.

As the Court found and continues to find, Count VII of Plaintiffs' Complaint only alleges interference with the IGA. (Dkt. 1, ¶¶ 137-140.) Nowhere in their Complaint do Plaintiffs allege that Defendants interfered with any other contract and the attachment of the IGA to the Complaint does not otherwise put Defendants on notice that Plaintiffs are basing their claim on some other contractual relationship. The Court therefore will not address Plaintiffs' additional arguments for why they believe the Court erred in dismissing this claim, as those arguments relate to other purported contracts.

## Conclusion

For the reasons set forth above, the Court concludes that it did not commit a palpable defect in granting summary judgment to Defendants on Plaintiffs' tortious interference with business relations and contractual relations claims.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
Richard J. Seryak, Esq.
Russell F. Ethridge, Esq.