UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

       Plaintiffs,

v.

                              Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC., d/b/a MERCY          Honorable Patrick J. Duggan
HOSPITAL-PORT HURON, MARY R.
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 6, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs Peter Grain, M.D. ("Dr. Grain") and Annette Barnes, M.D. ("Dr. Barnes")(collectively "Plaintiffs") filed this lawsuit against Defendants on June 26, 2003. The defendants remaining in this action at this time are Trinity Health ("Trinity"), its subsidiary Mercy Health Services d/b/a Mercy Hospital - Port Huron ("Mercy" or the "hospital"), and Mercy's President and Chief Executive Officer Mary R. Trimmer

("Trimmer").[1]

Plaintiffs initially filed a sixteen count complaint against Defendants asserting various theories of liability. Pursuant to a motion to compel arbitration subsequently filed by Defendants, a number of Plaintiffs' claims were submitted to arbitration and were resolved in an arbitration award issued on December 12, 2007. The parties then returned to this Court to litigate Plaintiffs' remaining claims: Dr. Grain's claims of (1) race discrimination pursuant to 42 U.S.C. § 1981 (Count I); (2) wrongful transfer of patients in violation of 42 U.S.C. § 1395dd(i) (Count II); (3) intentional interference with business relations (Count VI); (4) intentional interference with contractual relations (Count VII); (5) libel and slander (Count VIII); civil conspiracy (Count IX); and Dr. Barnes' claims for interference with business relations (Count XII) and loss of consortium (Count XIII). On August 13, 2008, this Court granted summary judgment to Defendants on Dr. Grain's tortious interference with contract and business relations claims.

Presently before the Court is Plaintiffs' motion for leave to amend their complaint to add Count XVIII, a claim alleging Defendants' violation of peer review provisions in Michigan's Public Health Code, MICH. COMP. LAWS ANN. §§ 333.21515; 333.20175(8);

---

[1] By stipulation of the parties, this Court issued an Order on January 27, 2004, dismissing without prejudice Defendants Drs. Jere Baldwin and Bernard Velardo. On June 12, 2008, this Court dismissed Defendant Dr. Mahmoud Chafte as a defendant due to his death on May 5, 2004.

331.533, and the hospital's Peer Review File Policy and Procedures.[2] Plaintiffs' motion has been fully briefed and on October 30, 2008, this Court sent a notice to the parties informing them that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons that follow, Plaintiffs' motion is denied.

### Standard Applicable to a Motion to Amend the Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. *See* FED. R. CIV. P. 15(a). The United States Supreme Court has advised, however, that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

### Analysis

In their proposed Count XVIII, Plaintiffs allege that Defendants violated Mercy's Peer Review File Policy and Procedure (which is attached as Exhibit 4 to Plaintiffs' Reply brief) and Michigan's Public Health Code, specifically Michigan Compiled Laws

---

[2]On March 12, 2004, Plaintiffs filed a motion to amend their complaint, which this Court granted in part on August 11, 2004. Pursuant to the Court's order, Plaintiffs were granted leave to add a claim alleging retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS ANN. § 37.2701. However, as this Court noted in a June 12, 2008 opinion and order, Plaintiffs never filed an amended complaint. For some reason, in the opening paragraph of their pending motion for leave to amend their complaint, Plaintiffs again ask the Court for leave to add their Elliott-Larsen claim–although Plaintiffs do note that this request already has been granted. As it has been granted, the Court sees no reason to address the matter again and is unclear why Plaintiffs have included it in the pending motion.

sections 333.20175(8)[3], 333.21513(d)[4], and 333.21515.[5]  Plaintiffs maintain that Defendants violated Mercy's policy and procedure and state law by, *inter alia*, gaining access to Dr. Grain's Peer Review File and using the information and data contained therein for improper purposes, improperly distributing the information and data, failing to

---

[3]Section 333.20175(8) provides:

> The records, data, and knowledge collected for or by individuals or committees assigned a professional review function in a health facility or agency, . . . are confidential, shall be used only for the purposes provided in this article, are not public records, and are not subject to court subpoena.

MICH. COMP. LAWS ANN. § 333.20175(8).

[4]Section 333.21513(d) provides:

> The owner, operator, and governing body of a hospital licensed under this article:
> (d) Shall assure that physicians and dentists admitted to practice in the hospital are organized into a medical staff to enable an effective review of the professional practices in the hospital for the purpose of reducing morbidity and mortality and improving the care provided in the hospital for patients. This review shall include the quality and necessity of the care provided and the preventability of complications and deaths occurring in the hospital.

MICH. COMP. LAWS ANN. § 333.21513(d).

[5]Section 333.21515 states:

> The records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena.

MICH. COMP. LAWS ANN. § 333.21515.

4

restrict further copying and distribution of the information and data, and discriminating against Dr. Grain on the basis of his race in their use, access, copying and distribution of the information and data. (*See* Pls.' Mot., Ex. 1 ¶ 229.) In response to Plaintiffs' motion, Defendants primarily argue that it would be futile for Plaintiffs to amend their complaint to add their proposed claim.

Defendants first argue that Plaintiffs' claim, as premised on Michigan's Public Health Code, would be futile because there is no private cause of action for violations of the statute. This Court agrees. To determine whether a private cause of action exists under a statute that does not expressly provide for one, a court must determine the following: whether (1) the plaintiff is among the class of persons for whose benefit the statute was enacted, (2) there is any indication of legislature intent, explicit or implicit, to create or deny such a remedy, and (3) such a remedy is consistent with the "underlying purposes of the legislative scheme." *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 2088 (1975). Where a statute expressly provides for a remedy, that remedy is exclusive unless the remedy is "'plainly inadequate.'" *Mack v. City of Detroit*, 254 Mich. App. 498, 501, 658 N.W.2d 492, 494 (2002) (quoting *Pompey v. Gen. Motors Corp.*, 385 Mich. 537, 552 n.14, 189 N.W.2d 243, 251 n. 14 (1971)).

Michigan courts have concluded that the State's Public Health Code provides a number of adequate means to enforce its provisions. *See, e.g., Fisher v. W.A. Foote Mem'l Hosp.*, 261 Mich. App. 727, 730-31, 683 N.W.2d 248, 249-50 (2004); *Ravikant v. William Beaumont Hosp.*, No. 238911, 2003 WL 22244698, at *5 (Mich. Ct. App. Sept. 30, 2003); *Abu-Farha v. Providence Hosp.*, No. 229279, 2002 WL 1308778, at *6 (Mich.

Ct. App. June 14, 2002). As the court explained in *Fisher*:

> [A] number of ways exists within the code to enforce the statute. MCL [§] 333.20165(1)(b) provides for the limitation, suspension, or revocation of a health facility license, as well as an administrative fine on a hospital that violates a provision contained in the code. Further, MCL [§] 333.20176 requires the department of health to investigate a health facility upon written complaint of a person who believes that the facility violated the code. Also, MCL [§] 333.20177 allows the director of the department of health to request that a prosecuting attorney or the Attorney General bring an action to restrain or enjoin actions in violation of the code. Finally, MCL [§] 333.20199 makes violation of a provision of the code a misdemeanor punishable by a $1,000 fine for each occurrence or day that the violations continues.

261 Mich. App. at 730-31, 683 N.W.2d at 249-50. The Michigan courts therefore have concluded that there is no private cause of action under the statute. *See Fisher*, at 730, 683 N.W.2d at 249. This Court reaches the same conclusion.

Defendants also contend that it would be futile for Plaintiffs to assert a claim based on Mercy's Peer Review File Policy and Procedure because the document was never approved by Mercy's board of trustees, but only its medical staff. Defendants present evidence showing that, absent approval by the board of trustees, medical staff rules and regulations do not reflect official hospital policy and do not become effective. (*See* Defs.' Resp. Ex. H at 4752; Ex. C ¶ 11.1.) To the extent Plaintiffs also are asserting that Defendants' use of information and data in Dr. Grain's Peer Review File violated Mercy's Medical Staff By-Laws– as Plaintiffs argue in their Reply brief in support of their motion[6]– those By-Laws were approved by the board of Trustees. However, the By-

---

[6]The Court notes, however, that although asserted in their Reply brief, Plaintiffs' proposed Count XVIII does not allege a violation of the hospital's Medical Staff By-

Laws expressly provide that they "shall not constitute a contract between the medical staff and the hospital."[7]  Therefore, Plaintiffs are not able to establish a contract between Defendants and Dr. Grain that Defendants breached as a result of their alleged improper use of the information and data in Dr. Grain's Peer Review File.

**Conclusion**

In summary, the Court finds that there is no private cause of action under Michigan's Public Health Code and that Mercy's Peer Review File Policy and Procedure and the hospital's Medical Staff By-Laws do not constitute contracts between Defendants and Dr. Grain.  The Court therefore holds that it would be futile for Plaintiffs to amend their Complaint to add their proposed Count XVIII.

Having reached this conclusion, the Court finds it unnecessary to address the other

---

Laws.  (*See* Pls.' Mot. Ex. 1.)

[7]Citing several cases from other jurisdictions, Plaintiffs reply that this disclaimer in the Medical Staff By-Laws "does not preclude the hospital's By-laws forming part of the underlying legal basis for the contract relationship implied-in-law between Dr. Grain and Mercy.  (Pls.' Reply Br. at 7 n.2.)  While the cases Plaintiffs cite do hold that a hospital's by-laws, when approved and adopted by the governing board, are binding and enforceable contracts between the hospital and its physicians (the majority view), it is not evident from the opinions whether the by-laws discussed therein expressly provided that they did not constitute a contract between the hospital and its physicians.  Moreover, as recognized in one of the cases Plaintiffs cite, there is a split of authority on this issue.  *See Janda v. Madera Cmty. Hosp.*, 16 F. Supp. 2d 1181, 1184-86 (E.D. Calif. 1998) (recognizing and discussing split of authority on the issue of whether hospital bylaws are a binding and enforceable contract between the hospital and its physicians).  This Court was able to locate one Michigan Court of Appeals case where the court followed the minority view and held that hospital bylaws do not constitute an enforceable contract. *Macomb Hosp. Ctr. Medical Staff v. Detroit-Macomb Hosp. Corp.*, No. 182394, 1996 WL 33347517, at *1 (Mich. Ct. App. Dec. 20, 1996)(unpublished).

7

arguments Defendants raise in response to Plaintiffs' motion.[8] However, the Court does note that Plaintiffs' undue delay in seeking to add their proposed Count XVIII– notably after discovery has closed in this matter– is further justification for denying their motion. *See Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (indicating that "delay . . . will become 'undue' at some point, "placing an unwarranted burden on the court," or "'prejudicial,' placing an unfair burden on the opposing party.")

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for leave to amend their complaint is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
W. Mack Faison, Esq.
Richard J. Seryak, Esq.
Linda O. Goldberg, Esq.

---

[8]In their Response, Defendants raise the following additional arguments for denying Plaintiffs' motion: (1) that Plaintiffs' proposed amendment alleging a violation of Mercy's Peer Review Policy and Procedure was subject to mandatory arbitration; (2) that the arbitration panel ruled on the peer review issues in Defendants' favor and that this ruling is final and binding; (3) that the record nevertheless shows that Defendants did not violate Michigan's peer review statutes or the hospital's policy; and (4) that Plaintiffs' motion should be denied due to Plaintiffs' bad faith in asserting unfounded claims.