UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

    Plaintiffs,

v.

Case No. 03-72486

Honorable Patrick J. Duggan

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC. d/b/a MERCY
HOSPITAL - PORT HURON, MARY
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

    Defendants.
_____/

**<u>OPINION AND ORDER DENYING (1) PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S JULY 8, 2008 ORDER DENYING PLAINTIFFS'
MOTION FOR DISCOVERY AND (2) PLAINTIFFS' OBJECTIONS
MAGISTRATE JUDGE'S APRIL 22, 2004 ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 18, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this action against Defendants on June 26, 2003. Presently before the Court are Plaintiffs' objections to discovery opinions and orders that Magistrate Judge Steven D. Pepe issued on April 22, 2004 and July 8, 2008.[1] For the reasons that

---

[1]As discussed *infra*, this Court previously did not reach Plaintiffs' objections to Magistrate Judge Pepe's April 22, 2004 decision because the case subsequently was

follow, Plaintiffs' objections to Magistrate Judge Pepe's most recent decision are denied and their objections to the 2004 decision, to the extent they are not moot, are denied.

## Procedural Background

On September 23, 2003, this Court issued a Scheduling Order setting forth *inter alia* a deadline for identifying witnesses of January 31, 2004, and a deadline for discovery of February 28, 2004. After the deadline for identifying witnesses, specifically on February 9 and 19, 2004, Plaintiffs submitted two witness lists attempting to add six expert witnesses. Then, a few days before the February 28 deadline for discovery, Plaintiffs filed two motions seeking an extension of discovery as well as discovery sanctions against Defendants. (Docs. 28 & 29.) In their motions, Plaintiffs sought to take the depositions of a number of individuals and they sought discovery of e-mails relevant to this litigation from Defendants' computer systems or back-up server. On March 4, 2004, Defendants filed a motion to strike Plaintiffs' late-designated expert witnesses. This Court thereafter referred the parties' motions to Magistrate Judge Pepe for hearing and determination.

On April 22, 2004, Magistrate Judge Pepe issued an opinion and order denying Plaintiffs' motions and granting Defendants' motion. With respect to Plaintiffs' request to conduct new discovery and to take additional depositions, Magistrate Judge Pepe concluded that Plaintiffs "failed to identify any information obtained in the depositions

---

stayed while the parties submitted certain claims to arbitration.

that they did take that would indicate newly discovered information that necessitated the taking of these additional depositions" and "have shown nothing obtained in the 10 depositions taken thereafter to give them new reasons for taking these depositions that could earlier not have been anticipated and sought in a timely fashion." (Doc. 47 at 8-9.) Magistrate Judge Pepe further found that Plaintiffs failed to demonstrate any bad faith of defense counsel in providing discovery. (*Id*. at 9.)

With respect to Defendants' motion to strike Plaintiffs' late-designated experts, Magistrate Judge Pepe concluded that Plaintiffs failed to demonstrate good cause for not identifying the experts before the cut-off date for doing so. (*Id*. at 10.) Magistrate Judge Pepe determined that allowing the six additional experts likely would delay the resolution of this case and prejudice Defendants. (*Id*.)

Plaintiffs filed objections to Magistrate Judge Pepe's 2004 opinion and order on May 10, 2004. This Court never addressed those objections, however, because shortly thereafter, the case was stayed pending arbitration of some but not all of the claims alleged in Plaintiffs' complaint. The parties thereafter proceeded to arbitration and, on December 12, 2007, an arbitration panel entered an arbitration award. The parties then returned to this Court to litigate Plaintiffs' non-arbitrable claims.

At a post-arbitration status conference in this Court on January 31, 2008, Plaintiffs indicated that they needed to conduct additional discovery with respect to some of their unresolved claims. This Court instructed Plaintiffs to file a motion identifying the

3

additional discovery they wanted.  On March 14, 2008, Plaintiffs filed a motion asking the Court to allow them to (1) conduct further discovery on their discrimination claims, (2) identify four expert witnesses, including an expert to replace their economic expert, Mr. Robert Zimmerman, who apparently is no longer available to testify, and (3) require Defendants and/or Kroll Ontrack to "properly" complete an electronic search for e-mails relevant to this litigation.  On May 7, 2008, the Court referred Plaintiffs' motion to Magistrate Judge Pepe for hearing and determination.

On July 8, 2008, Magistrate Judge Pepe issued an order denying Plaintiffs' motion.  Magistrate Judge Pepe found that "Plaintiffs failed to identify any information obtained in the arbitration proceedings that could earlier not have been anticipated and sought in a timely fashion" and that Plaintiffs failed to "demonstrate any bad faith of defense counsel in providing discovery."  (Doc. 118 at 5.)  Magistrate Judge Pepe therefore concluded that Plaintiffs "failed to provide good cause why further discovery in this case should be allowed" and that there was "no reason shown to vacate or modify the order of April 22, 2004 [denying Plaintiffs' request to conduct discovery beyond the discovery deadline and add expert witnesses after the witness deadline]."  (*Id*. at 5-6.)  With respect to Mr. Zimmerman, Magistrate Judge Pepe noted that defense counsel had agreed to allow Plaintiffs to use Mr. Zimmerman's arbitration hearing testimony at trial and he concluded that this agreement alleviated the need for Plaintiffs to add a new economic expert to their witness list.  (*Id*. at 6.)

Plaintiffs filed objections to Magistrate Judge Pepe's July 8, 2008 order on July 18, 2008.

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(A), district courts must apply a "clearly erroneous or contrary to law" standard of review for magistrate judges' decisions on nondispositive preliminary matters. *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). A decision "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 68 S. Ct. 525, 542 (1948). Stated differently, if there are two permissible views of the evidence, a magistrate judge's choice between them cannot be "clearly erroneous." *Anderson v. City of Bessmer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1512 (1985). Pursuant to Eastern District of Michigan Local Rule 72.1, a party objecting to a magistrate judge's decision must "specify the part of the order . . . to which the party objects" and "state the basis for the objection." E.D. Mich. LR 72.1(d)(1)(A) and (B).

**Discussion**

Plaintiffs raise several objections to Magistrate Judge Pepe's July 8, 2008 decision in their July 18 pleading and they incorporate their objections to the magistrate judge's 2004 decision therein.[2] Plaintiffs devote much of their brief discussing their requests for

---

[2]As set forth earlier, during a post-arbitration status conference, Plaintiffs indicated that they needed to conduct "limited" additional discovery. This Court

discovery of Defendants' electronically stored information and information related to their proposed claims that Defendants' violated Mercy's Peer Review Policy and Procedure and Michigan's Peer Review statute.[3] As to Defendants' electronically stored information, Plaintiffs fail to identify how they believe Magistrate Judge Pepe erred. In any event, as the Court's April 11, 2008 decision related to the search of Defendant's electronic information indicates, Plaintiffs' request for discovery of this information and the adequacy of Defendants' search was raised before, addressed extensively, and resolved by the Arbitration Panel. With respect to discovery relevant to Plaintiffs' claims that Defendants violated Mercy Peer Review Policy and Procedure and Michigan's Peer Review Statute, this Court has denied Plaintiffs' request to amend their complaint to add these claims. (*See* Doc. 145.)

Plaintiffs also object to Magistrate Judge Pepe's denial of their requests to add expert witnesses. In their objections to the magistrate judge's 2004 decision, Plaintiffs argued that the proper standard for evaluating whether they should be able to designate experts beyond the deadline for doing so is whether Defendants will suffer prejudice,

---

instructed Plaintiffs to file a motion identifying what further discovery they needed. On March 14, 2008, Plaintiffs filed such a motion in which they set forth the discovery requests addressed in Magistrate Judge Pepe's July 8 decision. These requests did not include several requests for discovery that Plaintiffs previously made and that Magistrate Judge Pepe addressed in his April 22, 2004 decision. Thus the Court will assume that Plaintiffs' objections to Magistrate Judge Pepe's April 2004 decision, to the extent they relate to discovery not sought in their March 2008 motion, are moot.

[3]On July 23, 2008, Plaintiffs filed a motion to amend their complaint to add claims related to information in Dr. Grain's peer review file.

rather than the "good cause" standard utilized by Magistrate Judge Pepe. As to their proposed expert witnesses other than a replacement for Mr. Zimmerman, Plaintiffs only add in their current objections that "Defendants have not been able to demonstrate any prejudice." (Pls.' Obj. at ¶ 5.) Magistrate Judge Pepe, however, did consider whether Defendants would suffer any prejudice in determining whether Plaintiffs should be permitted to designate experts witnesses beyond the Court's deadline.[4] Magistrate Judge Pepe stated: "This is likely to further delay the resolution of this case, and is a prejudice to the Defendants, . . . ." (Doc. 118 at 5; Doc. 47 at 10.) At this late stage in the proceedings, this Court cannot conclude that Magistrate Judge Pepe's analysis was clearly erroneous.

As to an expert witness to replace Mr. Zimmerman, Plaintiffs argue that the magistrate judge erred in concluding that Defendants' offer to allow Plaintiffs to use Mr. Zimmerman's arbitration testimony at trial cured his unavailability. Plaintiffs contend that Mr. Zimmerman's testimony at the arbitration did not cover Dr. Grain's loss of earning capacity and income from at least 2003 to the present. According to Defendants, however, Mr. Zimmerman did not address Dr. Grain's damages beyond 2003 because he found that his damages had been mitigated by his employment elsewhere. (Defs.' Resp.

---

[4]The Court notes that Federal Rule of Civil Procedure 37(c) provides that, if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness "unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). For that reason, Magistrate Judge Pepe also discussed whether Plaintiffs were substantially justified in failing to identify their expert witnesses before such disclosure were due.

7

Ex. D at 2698.) As Plaintiffs do not challenge this assertion in reply and have offered no other basis to support their objection, the Court finds no basis for concluding that Magistrate Judge Pepe "clearly erred" in denying Plaintiffs' request to designate a new expert in lieu of Mr. Zimmerman.

Plaintiffs also object to the magistrate judge's denial of their request to conduct discovery in support of their discrimination claims. Plaintiffs maintain that there has been no discovery with respect to their race discrimination and retaliation claims, the latter which was an amendment to Plaintiffs' initial complaint which the Court permitted in an opinion and order issued on August 11, 2004. Plaintiffs contend that this Court "clearly intended that parallel race discrimination and retaliation discovery not be conducted simultaneously as the [a]rbitration proceedings" and that the Court also intended for discovery to be completed with respect to these claims after the arbitration proceedings concluded and the stay in this matter was lifted. (Pls.' Obj. at 9.) Plaintiffs also note that "'federal policy favors broad discovery in civil rights actions.'" (*Id*. at 8, quoting *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).)

Plaintiffs fail to identify where in the record this Court expressed an intent for the parties to engage in discovery with respect to Plaintiffs' non-arbitrable claims only after arbitration proceedings concluded and the stay in this matter was lifted. As indicated previously, this Court issued a scheduling order on September 23, 2003, setting forth *inter alia* a January 31, 2004 deadline for witness lists and a February 28, 2004 deadline

8

for discovery. Defendants subsequently filed their motion to compel arbitration with respect to six of Plaintiffs' claims, to dismiss two additional claims, and to stay the proceedings pending arbitration. The dates set forth in the Court's scheduling order remained in effect, however, while Defendants' motion was pending and the deadlines for designating witnesses and conducting discovery set forth in that order passed before the motion was decided. At no time did Plaintiffs seek an extension of the deadlines in the scheduling order or request clarification as to whether it remained in effect in light of Defendants' motion and the Court's subsequent ruling.

In fact it appears that Plaintiffs conducted discovery with respect to their race discrimination and retaliation claims before the discovery deadline, as they indicated in their March 12, 2004 motion to amend their complaint to add the latter claim: "The new allegations and claim do not alter the scope of the case nor present new issues for discovery." (Doc. 125 ¶ 2.) Plaintiffs further stated in that motion: "Dr. Grain's new claim for retaliation follows his claims for racial discrimination which are alleged in the original Verified Complaint, Count I. . . . Also, the topic of this new claim has already been addressed in discovery and conforms with the evidence." (*Id*. ¶ 7.) As Plaintiffs have been granted the opportunity to conduct discovery with respect to their race discrimination and retaliation claims and they in fact have acknowledged that they conducted such discovery, they fail to show that Magistrate Judge Pepe "clearly erred" in denying their request to engage in additional discovery related to those claims beyond the deadline for discovery.

9

**Conclusion**

For the reasons set forth above, the Court cannot conclude that Magistrate Judge Pepe clearly erred in his April 22, 2004 or July 8, 2008 decisions.

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Pepe's April 22, 2004 and July 8, 2008 decisions are **AFFIRMED** and Plaintiffs' objections to those decisions are **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge Stephen Pepe
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
W. Mack Faison, Esq.
Richard J. Seryak, Esq.