UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

      Plaintiffs,

v.

                                    Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC., d/b/a MERCY         Honorable Patrick J. Duggan
HOSPITAL-PORT HURON, MARY R.
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

      Defendants.
_____/

## OPINION AND ORDER AWARDING DEFENDANTS SANCTIONS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 5, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On June 26, 2009, this Court issued an opinion and order denying Plaintiffs' objections to the April 15, 2009 decision by Magistrate Judge Steven D. Pepe, denying Plaintiffs' motion to disqualify Defendants' counsel. The Court also granted Defendants' request– set forth in response to Plaintiffs' objections– for sanctions pursuant to 28 U.S.C. § 1927. Specifically, Defendants had asked the Court to award Defendants the costs and fees they incurred responding to Plaintiffs' motion and objections. The Court instructed Defendants, in the June 26, 2009 decision, to submit an itemization of their

reasonable attorneys' fees and costs within ten days.  Presently before the Court is Defendants' submission (Doc. 174) and Plaintiffs' "reply" to that submission (Doc. 178).

Defendants' itemization reflects attorneys' fees totaling $90,016.30 and costs totaling $528.60 incurred in responding to Plaintiffs' motion to disqualify defense counsel and Plaintiffs' objections to Magistrate Judge Pepe's decision with respect to that motion. (Doc. 174 Ex. 2.)  The costs reflect the fee for the transcript of the motion hearing before Magistrate Judge Pepe.  The attorneys' fees represent the following total hours expended by Defendants' attorneys, at their following reduced hourly rates:[1]

| | |
|---|---|
| W. Mack Faison | 156 hours at $260/hr. |
| Richard J. Seryak | 115.5 hours at $220/hr. |
| Linda O. Goldberg | 79.5 hours at $220/hr. |
| Rachel Nosowsky | 10.2 hours at $220/hr. |
| Brian Schwartz | 7.2 hours at $125/hr. |
| Joseph W. Uhl | 27.3 hours at $125/hr. |

(*Id.*)

Plaintiffs devote their entire brief in response to Defendants' submission arguing that sanctions should not have been imposed for the filing of their motion to disqualify defense counsel. Plaintiffs argue that the motion was well-researched and supported and that sanctions are discouraged in civil rights litigation.  Plaintiffs therefore ask the Court to reconsider its decision imposing sanctions.  Plaintiffs only address the actual fees and

---

[1] According to Defendants, pursuant to an agreement between Trinity Health and Miller, Canfield, Paddock and Stone, P.L.C., they pay a rate lower than the attorneys' usual rates, which are as follows: Mr. Seryak, $325-375/hr.; Mr. Faison, $415-500/hr.; Ms. Goldberg, $345-395/hr.  (Doc. 174 at 3-4.)

costs Defendants seek as sanctions in an affidavit by Plaintiffs' counsel, Elmer Roller, which is attached as an exhibit to their reply. In his affidavit, Mr. Roller states that defense counsel's billing statements reflect "excessive, duplicative, and unreasonable fees." (Doc. 178 Ex 2.) Mr. Roller provides:

> With more than six (6) attorneys and two (2) paralegals[2] charging a cumulative hourly rate of $1,140, Defendants have used multiple attorneys to draft, review and research various motions. An associate attorney could have drafted a motion for review by one senior partner. Herein, at least three (3) senior partners have reviewed and revised each of the drafts prepared as well as those prepared by associates. . . .

(*Id.* ¶ 12.) Mr. Roller further notes that Plaintiffs' motion to disqualify did not involve novel or difficult issues of law. (*Id.* ¶ 14.)

Plaintiffs' request that the Court reconsider its decision to award sanctions to Defendants pursuant to 28 U.S.C. § 1927 comes too late. Motions for reconsideration must be filed within ten days after entry of the decision for which reconsideration is sought. E.D. Mich. LR 7.1(g)(1). Mr. Roller's complaints regarding the amount of the attorneys' fees sought, however, are timely and well-taken.

Defendants may be willing to pay the fees of four partners and two associates to litigate this action. However, the Court does not believe that those fees should be imposed on Plaintiffs as sanctions when one partner and one or two associates could have

---

[2]In fact, all of the individuals listed on Defendants' itemization are attorneys. According to their firm's website, Mr. Faison, Mr. Seryak, and Ms. Goldberg are Principals, Ms. Nosowsky is Senior Counsel, and Mr. Schwartz and Mr. Uhl are associates.

3

prepared Defendants' response to Plaintiffs' motion to disqualify and Plaintiffs' objections to Magistrate Judge Pepe's April 15, 2009 decision.[3] The handling of this matter by several partners has resulted in several lawyers charging to review the same pleadings and to discuss those pleadings with each other. Nevertheless, the Court will not review each line of the partners' billing entries and attempt to identify which entries do not overlap and/or were not made necessary by the fact that several partners were handling the matter. In fact, due to the redactions in defense counsels' billing entries, the Court does not believe such an evaluation would be possible.

Instead, to reflect what it believes is a reasonable fee award, the Court will reduce to one-fourth (1/4) the total attorneys' fees billed by the four partners who worked on the matter. In other words, the Court is awarding Defendants sanctions representing only a fraction (1/4) of the fees billed by the partners. The Court does not find the entries of the associates excessive, duplicative, or unreasonable. It therefore will award Defendants sanctions representing the total fees billed by the associates who worked on Defendants' response briefs, as well as Defendants' costs. Therefore, the Court awards Defendants sanctions pursuant to 28 U.S.C. § 1927 totaling $26,267.10, representing partners' fees

---

[3]The Court further notes that "[w]hile there is nothing inherently unreasonable about making an award for time spent by two or more lawyers engaged in the same representation, counsel bears the burden of showing his or her specific contribution." *Childress v. Williams*, No. 97-72335 at 9 (E.D. Mich. July 12, 1999) (citing *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999)). In defense counsel's billing entries, there is no indication of the discrete contribution that each lawyer made when more than one lawyer engaged in the same task.

totaling $21,426, associates' fees totaling $4,312.50, and costs in the amount of $528.60.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' counsel shall pay Defendants sanctions in the amount of $26,267.10.

                                        Patrick J. Duggan
                                        U.S. District Court Judge

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
W. Mack Faison, Esq.
Richard J. Seryak, Esq.
Linda O. Goldberg, Esq.