UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER G. GRAIN, M.D. and ANNETTE
BARNES, M.D.,

      Plaintiffs,

v.

                              Case No. 03-72486

TRINITY HEALTH, MERCY HEALTH
SERVICES, INC., d/b/a MERCY             Honorable Patrick J. Duggan
HOSPITAL-PORT HURON, MARY R.
TRIMMER, JERE BALDWIN, M.D.,
BERNARD VELARDO, M.D., and
MAHMOUD CHAFTE, M.D.,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 5, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiffs' motion for reconsideration of this Court's October 13, 2009 opinion and order granting Defendants' motion for summary judgment. Relying on Eastern District of Michigan Local Rule 7.1(g) and Federal Rule of Civil Procedure 59(e), Plaintiffs contend that the Court committed a palpable defect, the correction of which will result in a different disposition of the claim brought pursuant to 42 U.S.C. § 1981 by Plaintiff Peter Grain, M.D. For the reasons that follow, the Court

denies Plaintiffs' motion.

Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case would result from a correction of the defect. E.D. Mich. LR 7.1(g)(3). A motion that merely presents the same issues already ruled upon by the Court, "either expressly or by reasonable implication," shall not be granted. *Id*. Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). As this Court previously quoted:

> "Whatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
>
> Since the [movant] has brought up nothing new– except his displeasure– this court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal– not reargument."

*Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiffs raise the same arguments with respect to Dr. Grain's § 1981 claim that they raised in response to Defendants' motion for summary judgment. As they do in the

pending motion, in their response, Plaintiffs cited and quoted from *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 126 S. Ct. 1246 (2006). The Court therefore was aware when it granted Defendants' motion that § 1981 prohibits interference with existing contracts *as well as* an individuals attempt(s) to enter into contractual relationships. *Id.* at 476, 126 S. Ct. at 1249-50. As the Supreme Court made clear in *Domino's Pizza*, however, a plaintiff "must initially identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Id.* Plaintiffs failed to present evidence in their response and present no evidence in the pending motion to identify existing or potential contractual relationships between Dr. Grain and other parties or entities that were impaired by Defendants' alleged misconduct.[1]

Plaintiffs also assert that the Court committed a palpable error by failing to apply the continuing violations doctrine to Dr. Grain's § 1981 claim and by not finding that Defendants' closure of Mercy Hospital's Intracranial Surgery Program was a pretext for discrimination. Again, Plaintiffs argued in response to Defendants' motion that the continuing violations doctrine applies and, for the reasons set forth in the Court's October 13, 2009 opinion and order, the Court continues to disagree. (*See* Doc. 187 at 8-9.) The Court also disagrees with Plaintiffs' assessment that they have established grounds for

---

[1] Notably, the contractual relationships Plaintiffs identified in response to Defendants' motion were alleged existing contractual relationships. As the Court indicated, Plaintiffs not only failed to present evidence of those contractual relationships but also of an impact on those relationships as a result of Defendants' alleged wrongful conduct. (Doc. 187 at 9.)

finding pretext. Nevertheless, Dr. Grain's § 1981 claim based on the closure of the Intracranial Surgery Program also fails because Plaintiffs have not presented evidence to suggest that the closure of the program impaired any contractual relationship under which Dr. Grain had rights.

For these reasons, the Court concludes that it did not commit a palpable defect in the October 13, 2009 opinion and order granting Defendants' motion for summary judgment.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Elmer L. Roller, Esq.
Gary P. Supanich, Esq.
W. Mack Faison, Esq.
Richard J. Seryak, Esq.